IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH ERWIN LYONS,                    )
                                        )
    Petitioner,                         )
                                        )
    v.                                  )      CA 05-1703
                                        )      CR 01-59
UNITED STATES OF AMERICA ,              )
                                        )
    Respondent.                         )

## OPINION

COHILL, D.J.

Before the Court is petitioner Kenneth Erwin Lyons' motion for habeas corpus relief under 28 U.S.C. § 2255 (Doc. 37), and the government's response (Doc. 44).

We have jurisdiction under 28 U.S.C. § 2255. Having considered the submissions of the parties and the applicable law, for the reasons set forth below Petitioner's motion will be denied.

### Background

Kenneth Lyons was charged in a five-count indictment on April 11, 2004. Counts one and two charged him with intent to distribute less than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), on July 13 and July 27, 2000. Count three charged illegal possession of a machine gun on August 16, 2000, in violation of 18 U.S.C. § 922(o). Count four charged illegal possession of a National Firearms Act firearm not registered to person, on that same date, in violation of 26 U.S.C. § 5816(d). Count five charged Lyons with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ (g)(1) and 924 (e)(1).

On February 6, 2002 he entered a plea of guilty to counts one and two, distribution and possession with intent to distribute less than 100 grams of heroin, and to count five, being a felon in possession of a firearm. Counts three and four were dismissed on the Government's motion at sentencing. In the written plea letter the parties stipulated that, due to his extensive criminal history, Lyons was an offense level 29 and criminal history category VI. Thus he

would be deemed a career offender under the United States Sentencing Guidelines.  The parties

also agreed that he was subject to a 15 year statutorily required minimum sentence for count 5.

The guideline range was therefore 180 to 188 months imprisonment.

Lyons was sentenced to 180 months imprisonment as to each of counts one two and

five, to run concurrently.  His sentence was subsequently amended to run concurrently with any

state sentence Petitioner was serving.

On December 12, 2005, Lyons filed this motion to vacate or correct his sentence under

28 U.S.C. § 2255.  As Petitioner was filing *pro se*, we provided him with appropriate notice

under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).  Lyons has advised the Court that

he wishes his motion to be ruled upon as filed.

### Discussion

We must first consider the timeliness of Lyons' petition.  A motion to vacate, set aside,

or correct a sentence under U.S.C. § 2255 is subject to a one-year statute of limitations.  28

U.S.C. § 2255.  This one-year period begins to run from the latest of:

> (a)  the date on which the judgment becomes final;
> (b)  the date on which the impediment to making a motion created
> by governmental action in violation of the constitution or laws of
> the United States is removed;
> (c)  the date on which the right asserted was initially recognized
> by the Supreme Court and made retroactively applicable to cases
> on collateral review; or
> (d)  the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2255.

The judgment of sentence in this case became final ten days after his sentencing hearing,

when the time for filing a notice of appeal expired.  Lyons was sentenced on February 6, 2002.

This judgment became final on February 16, 2002, and the deadline for filing a motion under §

2255 was February 16, 2003.  Lyons did not file his motion until December 12, 2005.  We

conclude that Lyons' motion is untimely and must be dismissed as time-barred.

Even if his petition were timely, Lyons would not be entitled to the relief he seeks. Lyons argues that he was sentenced under a mandatory sentencing guideline scheme that was subsequently held unconstitutional in *United States v. Booker*, 125 S.Ct. 738 (2005). In that case, the United States Supreme Court invalidated the provisions of the Guidelines that made the sentencing scheme mandatory, and held that the federal Sentencing Guidelines are now advisory only.

However, this neither excuses Lyons' untimeliness nor provides him with a new ground for challenging his sentence, because *Booker* is not retroactive to cases such as his. As the Court of Appeals for the Third Circuit has held, "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* issued." *Lloyd v. United States*, 407 F.3d 608 (2005).

Lyons' conviction became final on February 16, 2003, nearly two years before *Booker* was decided. Therefore, *Booker* provides no relief from the one-year statute of limitations and Lyons' petition must be dismissed as untimely.

He further asserts that he is actually innocent of the charge brought under § 924(e). He argues that the statute under which his sentence was enhanced does not apply to him because he did not have three prior felony convictions. Lyons entered a plea of "guilty" to this charge in open court. Moreover, the terms of his written and signed plea agreement with the Government specify that he agrees that he is guilty of this charge. Lyons has offered nothing to substantiate the claim he now makes. We find that the enhancement was properly applied.

Lyons also argues that his counsel was ineffective for failing to object to the sentencing enhancement. To show ineffective assistance of counsel, Petitioner must show that counsel's performance was outside the range of reasonable performance for an attorney, and that but for counsel's unprofessional performance the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Lyons' ineffective assistance of counsel argument must fail. . It is well settled that counsel will not be found ineffective for failing to make an argument

that is without merit. *Moore v. Deputy Commissioner of SCI Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991). As we have stated, Lyons signed a plea letter agreeing that the statutory enhancement and mandatory minimum sentence he received should apply, and it was not unreasonable performance for counsel to fail to object to the agreed-to enhancement at time of sentencing. Lyons cannot show that counsel's performance was constitutionally deficient.

The right to appeal the dismissal of a habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which provides that no certificate of appealability shall issue unless the Petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255 (c). Lyons has not made such a showing, and no certificate of appealability shall issue in this case.

Lyons' petition shall be denied, and no certificate of appealability shall issue. An appropriate Order follows.

_June 11, 2007_
Date

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge

4