IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CR 01-59 |
| ) | |
| KENNETH ERWIN LYONS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is Defendant Kenneth Erwin Lyons' motion to amend his original conviction and judgment [Doc.#55]. In the pending motion, Defendant explains that his start date for computing his federal sentence currently is May 1, 2000,[1] but that he wants the start date for his federal sentence to be changed to August 16, 2000, the date on which he claims he was arrested and detained by state authorities on a related criminal offense. Consequently, Defendant is asking this Court "to formal[ly] amend my criminal conviction and judgment and to reflect a sentencing computation start date of August 16, 2000. For the reasons set forth below, Defendant's motion to amend is denied.

**I. Background.**

Defendant Kenneth Lyons was charged in a five-count indictment on April 11, 2001. Counts one and two charged him with intent to distribute less than 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), on July 13 and July 27, 2000. Count three charged illegal possession of a machine gun on August 16, 2000, in violation of 18 U.S.C. § 922(o). Count four charged illegal possession of a National Firearms Act firearm not registered to person, on that same date, in violation of 26 U.S.C. § 5816(d). Count five charged Lyons with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ (g)(1) and 924

---

[1] Based upon a review of the record, the Court opines that the date of May 1, 2000 must be in error since the Indictment in this case was not filed until April 10, 2001 and Defendant states that he was arrested and detained by state authorities on a related criminal offense on August 16, 2000.

(e)(1).

On February 6, 2002, Defendant entered a plea of guilty to counts one and two, distribution and possession with intent to distribute less than 100 grams of heroin, and to count five, being a felon in possession of a firearm. Counts three and four were dismissed on the Government's motion at sentencing.

On February 7, 2002, Lyons was sentenced to 180 months imprisonment as to each of counts one two and five, to run concurrently. His sentence was subsequently amended on March 25, 2002 to read, in relevant part: "[i]t is the Court's recommendation [to the Bureau of Prisons] that the Defendant be permitted to commence his federal sentence while in state custody and that his federal sentence run concurrent with any state sentence he may serve." [Doc. #34].

On December 12, 2005, Lyons filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255. Defendant's § 2255 Petition was denied on June 11, 2007, on the basis that it was untimely and even if had been timely filed, lacked merit.

## II. Legal Analysis.

Initially, a court may not modify a term of imprisonment once it has been imposed except as permitted by 18 U.S.C. § 3582(c). Defendant's motion does not set forth circumstances which fall within the ambit of 18 U.S.C. § 3582(c).

Moreover, it is the Attorney General, not the Court, who is responsible for determining the calculation of a term of imprisonment for all offenses committed on or after November 1, 1987. See United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585.[2] The Attorney

---

[2]Subsection (b) of § 3585 address credit for prior custody and states:
(b) . . . "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

General has delegated that authority to the Director of the Bureau of Prisons. See 28 C.F.R. § 0.96 (1992). Thus, it is the responsibility of the Bureau of Prisons, not this Court, to determine how Defendant's term of imprisonment, once imposed by this Court, is calculated.

Defendant's motion to amend his original conviction and judgment is denied. An appropriate Order follows.

March 9, 2010

Maurice B. Cohill, Jr.
Senior United States District Judge

---

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

3