# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 01-59 |
| | ) | |
| KENNETH ERWIN LYONS, | ) | |
| | ) | |
| Defendant. | ) | |

## Memorandum Opinion

On December 22, 2016, Kenneth Erwin Lyons ("Lyons" or "defendant") filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Commission Guidelines Manual. (ECF No. 90.) On February 22, 2017, the government filed a response in opposition to defendant's motion to reduce his sentence. (ECF No. 94.) On March 22, 2017, defendant filed a reply to the government's response in opposition.[1] (ECF No. 95.) Having been fully briefed, defendant's motion is now ripe for disposition.

**I.  Background**

On February 7, 2002, defendant was convicted of counts 1, 2 and 5 of the indictment at criminal action number 01-59. Defendant was sentenced to 180 months imprisonment and five years of supervised release. (ECF No. 29.) On June 21, 2002, defendant was sentenced to 12 months imprisonment and five years of supervised release, for violating the conditions of his supervised release at criminal action number 94-102. (*See* Criminal Action No. 94-102, ECF No.

---
[1] Defendant's reply does not address 18 U.S.C. § 3582(c) and Amendment 782, and does not appear to respond to the arguments raised by the government. Defendant's reply raises additional § 2255 claims. Because these claims are better addressed in conjunction with defendant's original § 2255 motion, the issues raised in defendant's response (ECF No. 95) will not be addressed herein.

1

57.) Defendant was released from prison on June 27, 2014. (ECF No. 94 at 2.)

On August 12, 2016, defendant came before this court for violating the terms of his supervised release at criminal action numbers 01-59 and 94-102. The court revoked defendant's supervised release and imposed a sentence of imprisonment of 24 months at each of counts 1, 2, and 5 of the indictment at criminal number 01-59 (ECF No. 85), and a sentence of imprisonment of 36 months at count 1 of the indictment at criminal number 94-102, to be served concurrently for a total of 36 months (Criminal Action No. 94-102, ECF No. 66.). Defendant is currently serving this sentence.

On December 22, 2016, defendant filed the instant motion asking for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782. (ECF No. 90.) Defendant asserts that he "never received the two point reduction which I now qualify for under my new sentence of 36 months and 2 years supervise [sic] release." (Id.) Defendant asks the court either to vacate his original 1994 sentence at criminal action number 94-102, because the two point reduction was never applied or to deduct two points from the sentence he is currently serving due to his supervised release violation. (Id.)

II. **Discussion**

"A district court generally cannot 'modify a term of imprisonment once it has been imposed' unless a defendant is eligible for a reduction of sentence pursuant to § 3582(c). Section 3582(c)(2) allows for a reduction if (1) the sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' " United States v. Rodriguez, 667 F. App'x 355, 356–57 (3d Cir. 2016) (quoting 18 U.S.C. § 3582) (citations omitted).

Defendant requests that the court reduce his sentence pursuant to Amendment 782, which revised the guidelines applicable to drug trafficking offenses by reducing the base offense levels referenced in §§ 2D1.1 and 2D1.11 of the United States Sentencing Commission Guidelines Manual. Reduction to the term of imprisonment resulting from the amendment of a guideline range is governed by the policy statement found in U.S.S.G. § 1B1.10. Pursuant to Application Note 7(A) of § 1B1.10:

> Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

Based on U.S.S.G. § 1B1.10, the Third Circuit Court of Appeals has found that a district court cannot apply § 3582(c) and Amendment 782 to reduce a sentence imposed for a supervised release violation. *See* United States v. Bolt, 377 F. App'x 253, 254 (3d Cir. 2010); United States v. Cuff, 338 F. App'x 161, 164 (3d Cir. 2009); *see also* United States v. Kelsey, Criminal Action No. 08-687, 2016 WL 4319131, at *1 (E.D. Pa. Feb. 12, 2016); United States v. Washington, Criminal Action No. 03-72-02, 2015 WL 4094411, at *2 (W.D. Pa. July 7, 2015).

Because defendant is currently serving two concurrent terms of incarceration for supervised release violations, he is not eligible for a reduction of sentence under § 3582(c) and Amendment 782. Defendant's motion is, therefore, denied. An appropriate order will be entered.

D<small>ATED</small>: April 18, 2017    /s/ J<small>OY</small> F<small>LOWERS</small> C<small>ONTI</small>
Joy Flowers Conti
Chief United States District Judge